# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY COCCAGNA, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| HENDERSON GLOBAL INVESTORS | : | |
| (NORTH AMERICA), INC., | : | |
| | : | |
| Defendant. | : | May 4, 2012 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Nancy Coccagna, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1.      Plaintiff Nancy Coccagna is a Connecticut citizen residing in the City of Hartford. (Hereinafter "plaintiff").

2.      Defendant, Henderson Global Investors, Inc. has a United States Corporate Headquarters in Chicago, IL and a location on 1 Financial Plaza, 19th Floor, Hartford, Connecticut  06103. (Hereinafter "defendant").

3.      At all times material, plaintiff is an employee within the meaning of the Americans With Disabilities Act of 1990 (ADA), Age Discrimination in Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII) and the Connecticut Fair Employment Practices Act 46a-60(a)(1) *et seq*. (CFEPA).

4.      At all times material, defendant is an employer within the meaning of the ADA, ADEA, Title VII and CFEPA.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: the American With Disabilities Act of 1990, cited as 42 U.S.C. §12101 *et seq.*, the Age Discrimination in Employment Act, cited as 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

6.      This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

## GENERAL ALLEGATIONS

7.      The plaintiff is disabled and suffers from repetitive strain injury.

8.      The plaintiff is female.

9.      Her date of birth is April 25, 1955.  The plaintiff is fifty-seven years old.

10.     The defendant employs more than fifteen (15) individuals.

11.     In 2005, defendant hired the plaintiff.  The plaintiff worked at the defendant's corporate headquarters in Hartford.

12.     The plaintiff was employed as a data base analyst. Her salary was $45,000/year plus overtime, bonus, 401k and medical benefits.

13.     During the tenure of employment, the plaintiff was promoted, received salary increases, received good performance reviews, and received many awards and bonuses and accolades.

14.     During her tenure of employment Complainant was never disciplined.

15.    In 2010, the plaintiff requested a reasonable accommodation in her work environment because she obtained repetitive strain injury, an injury to her shoulder and back from twisting back and forth between two computer monitors.

16.    The plaintiff made verbal requests but they did not result in appropriate accommodations.

17.    The plaintiff then sent an email to the IT manager Doug Pearce.  Mr. Pearce instructed the Henderson desktop support person Matt Miller to attempt to correct the problem and if the correction required the purchase of new equipment in order to stabilize production that equipment purchase was to be approved.

18.    Mr. Miller responded saying that it was not his problem.

19.    The plaintiff continued to complain to Pearce who continued to refer the plaintiff back to Miller who did not replace the equipment necessary.

20.    In 2010, the plaintiff filed for Workers Compensation benefits.

21.    The plaintiff was being treated by the UCONN Medical Group, Occupational & Environmental Health Center, specifically Dr. Martin G. Cherniack. She was out of work because of her disability.

22.    The plaintiff's doctors, along with the plaintiff, were working with the defendant's Human Resources Department, specifically Colleen Wolak, in trying to implement ergonomic changes in the plaintiff's work place setting so that the plaintiff could return to work.

23.    The defendant initially agreed to the studies.

24.    On July 14, 2010, the plaintiff received an email from her employer saying: "Please ask your doctor to provide more specific request regarding the suggested

equipment, including the chair, desk, mouse etc…in order to evaluate your request for additional changes." Her doctor was in the process of preparing a report.

25.     The plaintiff was sent for an IME by the Worker's Compensation carrier in August of 2010 and the defendant's physician, indicated that the plaintiff should be "reevaluated for appropriate ergonomic positioning for her computer and for her monitor."

26.     The plaintiff was not given a reasonable accommodation by changing the plaintiff's work space.

27.     On October 27, 2010, the plaintiff was terminated despite the fact that her physician was still in the process of fulfilling the request submitted by the defendant.

28.     At all times material, defendant was aware of plaintiff's disability.

29.     At all times material, plaintiff's disability does not prevent her from performing the essential functions of her job with or without a reasonable accommodation.

30.     Any excuse to be given by the defendant regarding plaintiff's termination would be a pretext for the discrimination.

31.     Plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) on the following date: February 18, 2011.

32.     Plaintiff's received a right to sue letter (copy attached as Exhibit 1) on the following date:  March 30, 2012.

33.     Plaintiff filed charges with the Commission on Human Rights and Opportunities (CHRO) on the following date: January 6, 2011.

34.     Plaintiff received a release of jurisdiction (copy attached as Exhibit 1) on

the following date: February 21, 2012.

## FIRST COUNT
### (Disability Discrimination in Violation Of The ADA)

1.  Plaintiff repeats the allegations in paragraphs 1 through 34 above as if fully incorporated herein.

35.   Defendant's actions violate the Americans With Disabilities Act of 1990 as amended, which prohibits discrimination on the basis of disability.

36.   Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a)    In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)    In that defendant limited and classified the plaintiff by her disability in such a way that deprived her of opportunities and recognition given to other similarly situated non-disabled coworkers;

(c)    In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee including termination;

(d)    In that defendant terminated plaintiff's employment; and

(e)    In that defendant treated the plaintiff adversely different from similarly situated non-disabled employees.

37.   As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

38.   As a further direct and proximate result of defendant's discrimination of

the plaintiff, plaintiff has been deprived of income, wages, and benefits.

39.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to her professional reputation.

40.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

41.     Defendant's conduct towards the plaintiff was arbitrary and discriminatory all in violation of the ADA.  The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating his employment on the basis of her disability.

## SECOND COUNT
### (Violation Of The ADA for Failure to Accommodate)

1.     Plaintiff repeats the allegations in paragraphs 1 through 41 above as if fully incorporated herein.

42.     Defendant's actions violate the Americans With Disabilities Act of 1990 as amended, which requires employees to make reasonable accommodations for employees with disabilities.

43.     Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a)     In that defendant failed and/or refused to provide a reasonable accommodation after the plaintiff requested one for her disability;

(b)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability for not providing a reasonable accommodation;

(c)      In that defendant limited and classified the plaintiff by failing and/or refusing to give the plaintiff an accommodations, which deprived her of opportunities and recognition given to other similarly situated non-disabled coworkers;

(d)      In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee; and

(e)      In that defendant treated the plaintiff adversely different from similarly situated non-disabled employees.

44.      As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

45.      As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

46.      As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to her professional reputation.

47.      Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

48.      Defendant's conduct towards the plaintiff was arbitrary and discriminatory all in violation of the ADA. The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating his employment on the basis of her disability.


**THIRD COUNT**
**(Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))**

1.     Plaintiff repeats the allegations in paragraphs 1 through 48 above as if fully incorporated herein.

49.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.*, which prohibits discrimination on the basis of disability in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)     In that defendant limited and classified the plaintiff by her disability in such a way that deprived her of opportunities and recognition given to other similarly situated non-disabled coworkers;

(c)     In that defendant failed and/or refused to provide a reasonable accommodation for the plaintiff's disability;

(d)     In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

(e)     In that defendant treated the plaintiff adversely different from similarly situated non-disabled employees;

(f)     In that defendant terminated plaintiff's employment on account of her disability; and

(g)     In that defendant intentionally discriminated against the plaintiff.

50.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

51.     As a further direct and proximate result of defendant's discrimination of

the plaintiff, plaintiff has been deprived of income, wages, and benefits.

52.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to her professional reputation.

53.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

54.     Defendant's conduct towards the plaintiff was arbitrary and discriminatory all in violation of the C.G.S. Section 46a-60(a)(1).  The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating him employment on the basis of her disability.

## FOURTH COUNT
### (Age Discrimination In Violation Of The ADEA)

1.     Plaintiff repeats the allegations in paragraphs 1 through 54 above as if fully incorporated herein.

55.     Defendant's actions violate the Age Discrimination in Employment Act which prohibits discrimination on the basis of age.

56.     Defendant, by and through its agents and/or employees, violated the Age Discrimination in Employment Act, in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's age;

(b)     In that defendant limited and classified the plaintiff by her age in such a way that deprived her of opportunities and recognition given to other similarly situated younger coworkers;

(c)     In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee including termination;

(d)     In that defendant terminated plaintiff's employment; and

(e)     In that defendant treated the plaintiff adversely different from similarly situated younger employees.

57.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

58.     As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

59.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to her professional reputation.

60.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

61.     Defendant's conduct towards the plaintiff was arbitrary and discriminatory all in violation of the ADEA.  The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating his employment on the basis of her age.


## FIFTH COUNT
### (Age Discrimination in Violation of C.G.S. §46a-60(a)(1))

1.     Plaintiff repeats the allegations in paragraphs 1 through 61 above as if fully incorporated herein.

62.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.*, which prohibits discrimination on the basis of age in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's age;

(b)     In that defendant limited and classified the plaintiff by her age in such a way that deprived her of opportunities and recognition given to other similarly situated younger coworkers;

(c)     In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

(d)     In that defendant treated the plaintiff adversely different from similarly situated younger employees;

(e)     In that defendant terminated plaintiff's employment on account of her age; and

(f)     In that defendant intentionally discriminated against the plaintiff.

63.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her age.

64.     As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

65.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to her professional reputation.

66.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

67.     Defendant's conduct towards the plaintiff was arbitrary and discriminatory all in violation of the C.G.S. Section 46a-60(a)(1). The defendant exhibited ill will, malice, improper motive and indifference to the plaintiff's civil rights by terminating her employment on the basis of her age.


## SIXTH COUNT
### (Gender Discrimination in Violation of Title VII)

1.     Plaintiff repeats the allegations in paragraphs 1 through 67 above as if fully incorporated herein.

68.     Defendant's actions violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, which prohibits discrimination on the basis of gender in one or more of the following ways:

(a)     In that defendant terminated plaintiff's employment because of her gender;

(b)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(c)     In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of opportunities and recognition given to other similarly situated non-female coworkers;

(d)     In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee; and

(e)      In that defendant treated the plaintiff adversely different from similarly situated non-female employees.

69.      As a direct and proximate result of defendant's discrimination and wrongful termination, plaintiff has been deprived of his employment and equal employment opportunities because of his gender.

70.      As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages and benefits.

71.      As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress and harm to her professional reputation.

72.      Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

73.      Defendant's termination and unequal treatment of the plaintiff was arbitrary, and unreasonably discriminatory all in violation of Title VII. The defendant exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by terminating him on the basis of his gender.

## SEVENTH COUNT
### (Gender Discrimination in Violation of C.G.S. §46a-60(a)(1))

1.      Plaintiff repeats the allegations in paragraphs 1 through 73 above as if fully incorporated herein.

74.      Defendant's actions violated Connecticut Fair Employment Practices Act, C.G.S. §46a-60(a)(1) as amended, which prohibits discrimination on the basis of gender in one or more of the following ways:

(a)     In that defendant terminated plaintiff's employment because of her gender;

(b)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(c)     In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of opportunities and recognition given to other similarly situated non-female coworkers;

(d)     In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee; and

(e)     In that defendant treated the plaintiff adversely different from similarly situated non-female employees.

75.     As a direct and proximate result of defendant's discrimination and wrongful termination, plaintiff has been deprived of her employment and equal employment opportunities because of her gender.

76.     As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages and benefits.

77.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress and harm to her professional reputation.

78.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

79.     Defendant's termination and unequal treatment of the plaintiff was arbitrary, unreasonably discriminatory and retaliatory all in violation of Connecticut's

Fair Employment Practices Act. The defendant exhibited ill will, malice, improper

motive, and indifference to the plaintiff's civil rights by terminating her on the basis of

her gender.

## EIGHTH COUNT
### (Retaliation In Violation of Title VII)

1.     Plaintiff repeats the allegations in paragraphs 1 through 79 above as if

fully incorporated herein.

80.     Defendant, by and through its agents, servants, and/or employees, violated

Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in

one or more of the following ways.

(a)     In that defendant retaliated against the plaintiff in response to her

complaint that she was being discriminated against on the basis of disability, her gender

and/or her age;

(b)     In that defendant retaliated against the plaintiff for her protesting of

discriminatory conduct and treatment directed towards her on the basis of his disability,

gender and/or age; and

(c)     In that defendant retaliated against the plaintiff for requesting an

accommodation on the basis of her disability and for complaining and/or protesting that

she did not receive a disability.

81.     As a result of defendant's violation of Title VII, plaintiff suffered damages

including: loss of employment, loss of income and wages and benefits, and harm to her

professional reputation.

82.     As a further result of defendant's retaliatory termination of the plaintiff,

plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

83.    Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

84.    Defendant's retaliatory conducted toward the plaintiff was arbitrary, unreasonably discriminatory and retaliatory all in violation of Title VII. The defendant exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by retaliating against her.

## NINTH COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4))

1.    Plaintiff repeats the allegations in paragraphs 1 through 84 above as if fully incorporated herein.

85.    Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(4) *et seq.* in one or more of the following ways.

(a)    In that defendant retaliated against the plaintiff in response to her complaint that she was being discriminated against on the basis of disability, her gender and/or her age;

(b)    In that defendant retaliated against the plaintiff for her protesting of discriminatory conduct and treatment directed towards her on the basis of his disability, gender and/or age; and

(c)     In that defendant retaliated against the plaintiff for requesting an accommodation on the basis of her disability and for complaining and/or protesting that she did not receive a disability.

86.     As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to her professional reputation.

87.     As a further result of defendant's retaliatory termination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

88.     Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

89.     Defendant's retaliatory conducted toward the plaintiff was arbitrary, unreasonably discriminatory and retaliatory all in violation of Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(4) *et seq*.  The defendant exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by retaliating against her.

## **TENTH COUNT**
### **(Negligent Infliction of Emotional Distress)**

1.     Plaintiff repeats the allegations in paragraphs 1 through 89 above as if fully incorporated herein.

90.     The defendant's conduct during the termination process when it informed the plaintiff, by and through its agents and/or employees, that she was being terminated and failing to state the reasons for termination created an unreasonable risk of emotional distress to the plaintiff.

91.     Plaintiff's emotional distress, caused by her termination, was foreseeable.

92.     Plaintiff's emotional distress has been severe enough to cause her illness and/or bodily harm.

93.     The cause of plaintiff's emotional distress is her wrongful termination.

## ELEVENTH COUNT
### (Intentional Infliction of Emotional Distress)

1.      Plaintiff repeats the allegations in paragraphs 1 through 93 above as if fully incorporated herein.

94.     The defendant's discriminatory conduct, sexual harassment and termination intended to inflict emotional distress upon the plaintiff.

95.     Defendant's conduct was extreme and outrageous creating an unreasonable  risk of emotional distress to the plaintiff.

96.     Defendant's conduct caused the plaintiff to suffer severe emotional distress including but not limited to: stress, anxiety, interference with appetite, and interference with sleep.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension benefits, emotional distress; consequential damages; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE:   May 4, 2012

_/s/ Vincent F. Sabatini_____
Vincent F. Sabatini, Esq.
Fed. No.: CT 06211
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: vsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT 1**

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Nancy Coccagna</u>
COMPLAINANT

vs.                                                    **DATE: February 21, 2012**

<u>Henderson Global Inventors, Inc.</u>
RESPONDENT

CHRO Case No. 1110244
EEOC No. 16A-2011-00411

# RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc: Complainant's Attorney Vincent Sabatini by email to: vsabatini@sabatinilaw.com

Respondent's Attorney Jonathan Orleans by email to: jborleans@pullcom.com

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Nancy Coccagna**
**25 Mortson Street**
**Hartford, CT 06106**

From:  **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2011-00411** | **Anne R. Giantonio,**<br>**Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Robert L. Sanders,**
**Area Office Director**

MAR 2 9 2012

*(Date Mailed)*

Enclosures(s)

cc:

**HENDERSON GLOBAL INVENTORS**
**One Financial Plaza, 19th Floor**
**Hartford, CT 06103**

Vincent Sabatini, Esq.
**SABATINI AND ASSOCIATES, LLC**
**One Market Square**
**Newington, CT 06111**